**In re the DECOR NOEL CORPORATION, Debtor in Chapter 11.**

**William CARSON, Trustee, Plaintiff,**

v.

**METZGER BUSINESS FORMS, Defendant.**

Bankruptcy No. 85–20471.
Adv. No. 85–0455.

United States Bankruptcy Court,
W.D. Tennessee, W.D.

Dec. 24, 1985.

## MEMORANDUM OPINION AND ORDER

WILLIAM B. LEFFLER, Bankruptcy Judge.

This cause is before the Court on the Plaintiff's motion to reconsider judgment, or, in the alternative, for a new trial. At issue here, as in the prior proceeding, is whether payments of $1,501.06 made by the Debtor to the Defendant during the ninety days prior to the Debtor's Chapter 11 filing were made in the ordinary course of business.

The original proceeding on October 17, 1985 was initiated by the Plaintiff's complaint alleging that the above payments were preferential transfers. It is the Defendant's position that these payments were not preferential transfers in that they were made in the "ordinary course of business" as provided by 11 U.S.C. § 547(c)(2).

The record reflects that the Debtor filed its petition for relief on February 6, 1985. Prior to that time it was in the business of manufacturing Christmas decorations. The Defendant supplied the Debtor with stock. paper on an as needed basis. The two entities had been doing business together since 1982.

According to the testimony of Mr. Lionel Metzger, the Defendant's president, the Debtor would usually order such paper once a month. The paper would be delivered to the Debtor's delivery dock one or two days later, after which the Defendant would mail an invoice to the Debtor. According to a summarized account [1] of transactions between the parties during the year 1984, the Debtor paid these invoices from 23 to 71 days after receiving them.

The payments at issue here were made on November 26, 1984 and December 11, 1984 for invoices prepared on October 19, 1984 and November 23, 1984, respectively.

Section 547 of the Bankruptcy Code provides at subsection(b):

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) to or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; ....

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

As is pertinent here, subsection (c) provides:

The trustee may not avoid under this section a transfer—....

(2) to the extent that such transfer was—

(A) in payment for a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms; ....

It was stipulated at the October 17, 1985 proceeding that the payments were made within 90 days prior to the Debtor's Chapter 11 filing and while the Debtor was insolvent.

It is the Plaintiff's position that these payments also were for antecedent debts and enabled the Defendant to receive more than he would have if the Debtor were in a Chapter 7.

Even if so, however, the payments may not be avoided if they are determined to have been within the "ordinary course of business." The "ordinary course of business" has been interpreted by courts considering the question to be "what is the ordinary course of business between the parties." See e.g., *In re Williams*, 5 B.R. 706, 707 (Bankr.S.D.Ohio 1980); *In re Top Sports Distributors, Inc.*, 41 B.R. 235, 239 & 240 (Bankr.S.D.Fla.1984); *In re Ewald Bros.*, 45 B.R. 52, 57 (Bankr.D.Minn.1984).

The above cited *Ewald* opinion was called to this Court's attention by the Plaintiff. Careful reading of that opinion reveals a common sense interpretation of subsection 547(c) applicable to the case at bar. This interpretation involves examining the above mentioned "ordinary course of business between the respective parties" along with the "normal financial relations" of the parties to determine whether the payments at issue were made in the ordinary course of business terms.

1. See attachment filed with the Court by the    Plaintiff.

The *Ewald* Court found that no ordinary course of business exception existed from the facts in that case. Those facts however are not analogous to the case at bar. In *Ewald*, the parties' course of business and payments for goods were governed by a written agreement establishing terms of and time for payment. The terms of the payments, i.e. in full, did not vary until the preference period; the time did not vary more than one or two days prior to the preference period; and payments were always made by sufficiently funded checks prior to the preference period.

In the case at bar, the record reflects that payments were always made in full before and during the preference period. No written agreement governing the terms and times of payment was established between the parties. Moreover, Mr. Metzger testified that he had never sent the Debtor a payment reminder even though one pre-preference period payment was made seventy days after delivery of the goods.

Therefore, consideration of the record as a whole, leads the Court to conclude that these payments were made in the ordinary course of business between these parties and according to ordinary business terms.

It is therefore, HEREBY ORDERED:

That the Plaintiff's complaint seeking recovery of $1,501.06 from the Defendant as a preferential transfer should be and is denied.

## ATTACHMENT

| Date of Inv | Amt | ON CK # | Date | Pd by/35rd | logs |
|---|---|---|---|---|---|
| 1/16 | 1,965.75 | 13201 | 2-24 | 31 | 45 |
| 2/2 | | | | | 28 |
| 2/7 | | | | | 23 |
| 3/14 | 256.20 | 13376 | 3-30 | 4-12 | 29 |
| 4/23 | 178.59 | 13849 | 5-25 | 6-12 | 50 |
| 5/22 | 833.77 | 14271 | 6-22 | 7-20 | 59 |
| 5/29 | 833.77 | 14041 | 6-29 | 7-30 | 62 |
| 7/9 | 178.59 | 242 | 8-10 | 8-28 | 50 |
| 8/15 | 1,890.65 | 525 | 9-14 | 10-25 | 71 |
| 9/14 | 37.18 | 662 | 9-28 | 10-30 | 46 |
| 9/21 | 214.32 | 852 | 10-19 | 11-26 | 66 |
| 10/5 | 1,667.54 | 977 | 11-2 | 12-11 | 67 |