**In re SUNUP/SUNDOWN, INC. d/b/a San'n Sea d/b/a Slip Into Something Comfortable, Debtor.**

**Marika TOLZ, Trustee, Plaintiff,**

**v.**

**SUNSPA/SKINFLICKS, Defendant.**

**Bankruptcy No. 84–02043–BKC–SMW. Adv. No. 86–0498–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

Nov. 24, 1986.

Reggie David Sanger, Fort Lauderdale, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court on September 3, 1986 upon the

Trustee, Marika Tolz's Complaint to Recover Preferential Transfer pursuant to 11 U.S.C. § 547 with the Court having examined the evidence presented, heard the testimony, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

Sunup/Sundown, Inc. ("the Debtor") was a corporation doing business in Broward County, Florida. Skinflicks of Hollywood ("the Defendant") supplied services and material to the Debtor from 1980 until 1984. At first, the Defendant delivered shipments to the Debtor and the Defendant maintained a running account with a ten day credit line. However, in January of 1982 the Defendant's records indicate that the Debtor's account was converted to a C.O.D. basis. Shipments and payments were conducted on a regular and timely basis throughout the years of the business relationship between the Debtor and the Defendant until August 22, 1984 when all payments stopped.

The Debtor filed a voluntary petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on October 26, 1984. Three payments, of $750.00 each were made by the Debtor to the Defendant during the ninety day preferential transfer period of 11 U.S.C. § 547. The Trustee claims that the three payments were made on account of an antecedent debt and made at a time when the Debtor was insolvent. Therefore the Trustee maintains that the transfers of the checks are avoidable and the $2,250.00 represented by the checks should be returned to the Trustee for the benefit of the estate. The Defendant, appearing pro se, contends that the last three payments it received were not preferential, but were in the ordinary course of business.

## CONCLUSIONS OF LAW

The Court finds that the payments were made according to the ordinary course of business under 11 U.S.C. § 547(c)(2) and are therefore excepted from the Trustee's avoidance power found in 11 U.S.C. § 547(b).

11 U.S.C. § 547(b) empowers the trustee to "avoid any transfer of an interest of the debtor in property made to or for the benefit of a creditor for or on account of an antecedent debt made while the debtor was insolvent on or within 90 days before the date of the filing of the petition that enables the creditor to receive more than it would receive if the transfer had not been made." However, a trustee may not avoid under 11 U.S.C. § 547(b) "to the extent that a transfer was in payment of a debt incurred by the debtor in the ordinary course of business, made in the ordinary course of business and made according to ordinary business terms." 11 U.S.C. § 547(c)(2). It is the ordinary course of business exception that the Defendant relies upon in maintaining the position that the payments were not preferential.

11 U.S.C. § 547(c)(2) is meant to "protect those payments which do not result from 'unusual' debt collection or payment practices." *Marathon Oil Company v. Flatau*, 785 F.2d 1563, 1566 (11th Cir.1986). The ordinary course of business exception is primarily directed to trade credit transactions that are "kept current or other transactions which are paid in full within a single billing cycle." *Marathon Oil Company*, 785 F.2d at 1567.

■ The preference section of the bankruptcy code was developed to discourage unusual business delays between the debtor and his creditors while the debtor is financially unstable and close to bankruptcy. 11 U.S.C. § 547 was not intended to interfere with normal financial relations. *See Newton v. Ed's Supply Company*, 58 B.R. 266, 269 (Bankr.E.D.Tenn.1986).

■ The Debtor incurred the debt in the ordinary course of business with the Defendant through many years of business dealings in which the Defendant maintained a running account with the Debtor. The Debtor regularly received shipments

from the Defendant that it was supposed to pay for within ten days. Later the account was on a C.O.D. basis, but even then some shipments were not fully paid for upon delivery. Payments on the account were made by the Debtor every week-to-ten-days without fail until August 22, 1984 when all payments stopped. The accounting records show no indication of unusual payment practices. The Debtor and the Defendant were involved in normal business dealings throughout their relationship and no substantial changes occurred in their relationship to subject their business transactions to the avoidance powers of 11 U.S.C. § 547.

The conditions mandated by 11 U.S.C. § 547 for a voidable preference are present in this case, but the facts are such to except the transfer of the monies to the Defendant under the ordinary business exception found in 11 U.S.C. § 547(c)(2). Therefore, the Trustee's Complaint to Recover Preferential Transfer must be denied. A separate Final Judgment of even date has been entered in conformity herewith.