**In re FINANCIAL PARTNERS, LTD.,
Financial Partners Brokerage, Ltd.,
and Robert B. Serhant Debtors.**

**Leroy G. INSKEEP, as
Trustee, Plaintiff,**

v.

**SIMONE, et al., Defendant.**

**Bankruptcy Nos. 82 B 14353, 82 B
14354, 82 B 14613 and 84 A 1246.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Oct. 20, 1988.

Leroy G. Inskeep, Philip V. Martino, Rudnick & Wolfe, Chicago, Ill., Trustees.

Lillian S. Miller, Mayer, Brown & Platt, Chicago, Ill., for Berwyn Bank.

### ORDER GRANTING THE MOTION TO REVISE THE BRIEFING SCHEDULE AND TO COMPEL DISCOVERY

SUSAN PIERSON DeWITT,
Bankruptcy Judge.

This matter comes before the Court on the Motion of the Trustee to Revise the Briefing Schedule and to Compel Discovery, the Memorandum in Support of the Motion to Compel Discovery, the Memorandum of Berwyn National Bank in Opposition to the Trustee's Motion to Compel

Discovery, and the Reply Memorandum of the Trustee in Support of the Motion to Compel Discovery. Now, therefore, for the reasons set forth below, the Motion of the Trustee to Revise the Briefing Schedule and to Compel Discovery is granted.

## STATEMENT OF FACTS

Financial Partners, Ltd., Financial Partners Brokerage, Ltd., and Robert B. Serhant (the "Debtors") opened several bank accounts with the Defendant, Berwyn National Bank ("the Bank"), including an account titled FP Custodial (the "Account"). On September 7, 1982, the Account was overdrawn $662,000.00, and, through September 24, 1982, the Account was consistently overdrawn $250,000.00. On or about September 20, 1982, the Debtors deposited $148,946.55 into the Account, and on or about September 22, 1982, Serhant gave Berwyn $100,000.00 in government securities to cover the overdraft. On October 22, 1982, Financial Partners, Ltd. and Financial Partners Brokerage, Ltd. filed their Chapter 7 Petitions, and on October 28, 1982, Serhant filed his Chapter 7 Petition.

The Trustee filed a Complaint to recover the payments as preferences under Section 547 of the Bankruptcy Code. However, the Bank alleges that the payments fall under the ordinary course of business exception set forth in Section 547(c)(2) of the Bankruptcy Code. Accordingly, the Bank has filed a Motion for Summary Judgment.

In response to the Bank's Motion for Summary Judgment, the Trustee has requested that Berwyn produce documents which show all instances in 1982 where a customer's account was overdrawn by more than $250,000.00. The Bank has refused to produce the documents because it alleges that its dealings with other customers are irrelevant.

## ISSUE

The sole issue before the Court is whether the Bank's dealings with its other customers are relevant to determining the Bank's ordinary course of business defense.

## ANALYSIS

Section 547(b) of the Bankruptcy Code provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; ...

(B) ...; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547 (1978). Apparently, it is undisputed that the deposit made on September 20, 1982 and the transfer of the government securities on September 22, 1982 constitute preferences unless an exception applies. However, the Bank alleges that the ordinary course of business exception set forth in Section 547(c)(2) applies.

Under Section 547(c)(2), the Trustee may not avoid a transfer to the extent that such transfer was—

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms.

11 U.S.C. § 547 (1978). Of particular importance in this case are the criteria that

the transfer must have been made in the ordinary course of business or financial affairs of the Debtors and the Bank, and the transfer must have been made according to ordinary business terms. The Bankruptcy Code does not define the terms "ordinary course of business" and "ordinary business terms". Thus, the definition of these terms must be determined on a case-by-case basis. *In Re Magic Circle Energy Corp.*, 64 B.R. 269, 273 (Bankr.W.D.Okl. 1986).

The Court, to determine whether a preferential transfer was made in the ordinary course of business, must determine what is subjectively ordinary between the Debtors and the Bank as they have traditionally conducted business, and the Court must determine whether the transfer was made according to common practice in the banking industry. *See Matter of Van Huffel Tube Corp.*, 74 B.R. 579, 588 (Bankr.N.D.Ohio 1987). To determine what is ordinary between the Debtors and the Bank, the Court must look at the relationship between them as if it were in a vacuum. *See In Re Magic Circle Energy Corp.*, 64 B.R. at 272. Thus, viewing the relationship between the Debtors and the Bank in a vacuum, it is clear that the Bank's relationship with its other customers is irrelevant to the determination of what is ordinary between the Bank and the Debtors.

Although the Bank's dealings with its other customers may be irrelevant in determining what is traditionally ordinary between the Bank and the Debtors, it is certainly relevant in determining what is common industry practice. For a transfer to be made according to common industry practice, the transfer must not deviate from the industry norm. *Id.* The Bank correctly asserts that a bank's application of deposits made by a debtor into an overdrawn account within the ninety day preference period is common industry practice. *See In Re Schmidt*, 26 B.R. 89, 91 (Bankr. D.Minn.1982), (cited with approval by the Seventh Circuit in *In Re Prescott*, 805 F.2d 719 (7th Cir.1986)); *Butz v. BancOhio Nat. Bank*, 31 B.R. 893, 896 (Bankr.S.D.Ohio

1983). However, the cases cited by the Bank do not expressly state that it is common industry practice for a bank to allow its customers to be consistently $250,000.00 overdrawn. Accordingly, the Bank's relationship with its other customers is relevant in determining whether its practice of allowing the Debtors to be consistently $250,000.00 overdrawn is common industry practice or merely an isolated instance. Therefore, the Motion of the Trustee to Revise the Briefing Schedule and to Compel Discovery is granted, and the Bank is ordered to produce the documents requested. However, to protect the Bank's customers, the Bank shall redact the documents by deleting any reference to customers' names or account numbers.

IT IS HEREBY ORDERED THAT:

1. The Motion of the Trustee to Revise the Briefing Schedule and to Compel Discovery is hereby granted.

2. The Berwyn National Bank is hereby ordered to produce the documents requested within thirty (30) days of the date of this Order. However, the Berwyn National Bank shall redact the documents by deleting any reference to customers' names or account numbers.

3. The Trustee shall have sixty days from the date of this Order to file his Response to the Motion of Berwyn National Bank for Summary Judgment, and the Berwyn National Bank shall have thirty (30) days from the date the Trustee's Response is filed to file its Reply.

### ORDER GRANTING THE MOTION TO REVISE THE BRIEFING SCHEDULE AND TO COMPEL DISCOVERY

This matter comes before the Court on the Motion of the Trustee to Revise the Briefing Schedule and to Compel Discovery, the Memorandum in Support of the Motion for Compel Discovery, the Memorandum of Berwyn National Bank in Opposition to the Trustee's Motion to Compel Discovery, and the Reply Memorandum of the Trustee in Support of the Motion to Compel Discovery. Now, therefore, for the reasons set forth below, the Motion of the

Trustee to Revise the Briefing Schedule
and to Compel Discovery is granted.