IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-11318
Summary Calendar

_____

In the Matter Of:  FIRST CITY BANCORPORATION OF TEXAS INC
        Debtor
-----------------------------------------------------------------

STEPHEN P WHELAN; JERRY KRIM; HAROLD L HARRIS, Individually and
as Trustee of Mazel Inc Profit Sharing Plan and All Others
Similarly Situated in Class 8; GROUP OF SECURITIES LITIGATION
CLAIMANTS; HARVEY GREENFIELD

        Appellants-Cross-Appellees

   v.

HEFFLER, RADETICH & SAITTA, LLP; CARRINGTON, COLEMAN, SLOMAN &
BLUMENTHAL, LLP; C IVAN WILSON; ROBERT W BROWN

        Appellees-Cross-Appellants

FIRST CITY BANCORPORATION OF TEXAS INC

        Appellee

_____

Appeal from the United States District Court
for the Northern District of Texas
3:99-CV-337-P

_____

October 4, 2000

Before KING, Chief Judge, and JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellants-Cross-Appellees Stephen P. Whelan, Jerry Krim, Harold L. Harris, individually and as trustee of Mazel, Inc. Profit Sharing Plan and all others similarly situated in Class 8, the group of Securities Litigation Claimants, and Harvey Greenfield appeal the district court's affirmance of the bankruptcy court's imposition of monetary sanctions against attorney Harvey Greenfield pursuant to the plan of reorganization in the underlying bankruptcy proceeding, Federal Rule of Bankruptcy Procedure 9011, and 28 U.S.C. § 1927. Because we conclude that we lack jurisdiction to review the district court's order, we dismiss the instant appeal.

I.   FACTUAL AND PROCEDURAL BACKGROUND

First City Bancorporation of Texas, Inc. ("First City") filed for Chapter 11 relief in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. Appellant-Cross-Appellee Harvey Greenfield is an attorney who represented Class 8 claimants, individuals who acquired First City stock between April 19, 1988 and October 30, 1992, in the bankruptcy proceeding. Greenfield participated in negotiating a settlement of $7 million in cash and an estimated $3 million in stock for

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

the Class 8 claimants.

In October 1994, Appellees-Cross-Appellants Heffler, Radetich & Saitta, LLP ("Heffler") were hired by First City and First City's bankruptcy counsel, Carrington, Coleman, Sloman & Blumenthal, LLP ("Carrington"), to administer the settlement fund and notify all potential Class 8 claimants. Heffler printed notices in several periodicals and mailed notices to potential claimants, but the mailing was apparently incomplete. As a result, it appears that over two thousand potential claimants were not notified of the bar date for filing proofs of claim or of an impending shareholder vote. Heffler conducted a second mailing in March 1995. After the Joint Reorganization Plan was confirmed in May 1995, Greenfield retained ACS Financial & Securities Services to replace Heffler. Appellants allege that subsequent efforts to compile an accurate mailing list revealed that First City had destroyed the original stock transfer records.

On January 31, 1996, Greenfield moved for leave[1] to file a summons and complaint to initiate an adversary proceeding on behalf of Appellants-Cross-Appellees Jerry Krim, Harold L.

---

[1] On December 21, 1995, the bankruptcy court issued an order imposing monetary sanctions on Greenfield for "egregious, obnoxious, and insulting behavior aimed at opposing counsel and parties" and requiring him to seek leave of court before appearing or filing further pleadings. Greenfield later appealed this order. On June 5, 1997, the bankruptcy court lifted the requirement that Greenfield move for leave of court before appearing or filing pleadings.

Harris, individually and as trustee of Mazel, Inc. Profit Sharing Plan and all others similarly situated in Class 8, and the group of securities litigation claimants (collectively with Greenfield, "Appellants") ("First Complaint"). The First Complaint alleged that Appellees-Cross-Appellants Heffler, Carrington, C. Ivan Wilson,[2] and Robert W. Brown[3] (collectively, "Appellees") mishandled class notification procedures and fraudulently concealed their mishandling. In a memorandum order issued on July 3, 1996 ("July 3 order"), the bankruptcy court denied leave to file the First Complaint and barred Greenfield from filing further pleadings involving any of the parties named in the First Complaint unless he represented a Class 8 member who was not given notice of the confirmation hearing, and from naming any of First City's outside directors as defendants without showing that they were directly involved in the notice process. In a separate order dated March 25, 1998 ("March 25 order"), the bankruptcy court awarded costs and fees to Appellees under Section 11.9 of the Joint Plan of Reorganization.

Appellants appealed the March 25 order awarding fees to Appellees,[4] but did not appeal the July 3 order denying

---

[2] Chief Executive Officer and Chairman of the Board of Directors for First City.

[3] President and member of the Board of Directors for First City.

[4] The bankruptcy court had originally awarded costs and fees in an order dated January 3, 1997 ("January 3 order"), but

4

Greenfield's motion for leave to file the First Complaint. Instead, Greenfield filed a purported class action complaint ("Second Complaint") in the Philadelphia division of the United States District Court for the Eastern District of Pennsylvania ("Philadelphia district court"). The Second Complaint named as an additional plaintiff Appellant-Cross-Appellee Stephen P. Whelan, a shareholder who had contacted Greenfield in the summer of 1995, and named Appellees, J-Hawk Corporation, and Weil, Gotshal & Manges, LLP as defendants. Apart from the addition of Whelan and the additional defendants as parties, the Second Complaint was substantively identical to the First Complaint. The Philadelphia district court dismissed the Second Complaint without prejudice for lack of jurisdiction, but denied Appellees' motion for fees and costs, stating that Appellees had unnecessarily briefed the merits of the complaint.

In March 1998, Greenfield returned to the bankruptcy court in the Northern District of Texas to file another complaint ("Third Complaint"). The Third Complaint, like the Second Complaint, named Whelan as a plaintiff, and otherwise contained the same claims and factual allegations as the First and Second Complaints. Appellees moved for dismissal of the Third

---

issued the subsequent March 25 order reducing the amount of the costs and fees awarded pursuant to Appellants' motion for reconsideration. On appeal, the district court remanded to the bankruptcy court to reinstate the amount of fees awarded in the original January 3 order.

Complaint; for summary judgment in the alternative; and for sanctions, fees, and expenses under Federal Rule of Bankruptcy Procedure 9011, 28 U.S.C. § 1927, and § 11.9 of the Joint Plan of Reorganization. Appellees further requested that Greenfield be held in contempt of court. In August 1998, the bankruptcy court dismissed the Third Complaint under Federal Rule of Civil Procedure 12(b)(6) due to the absence of a cognizable injury to the named plaintiffs and the failure of the complaint to state an actionable claim.[5]

On December 16, 1998, the bankruptcy court held a hearing on Appellants' motion for sanctions and for fees and costs. The bankruptcy court issued an order on February 1, 1999 ("February 1 order"), in which it permanently enjoined Greenfield from practicing before the United States Bankruptcy Court for the Northern District of Dallas (except in connection with pending proceedings pertaining to the First City bankruptcy and with any appeals of those proceedings). The bankruptcy court also stated that Greenfield had violated Federal Rule of Bankruptcy Procedure 9011 and 28 U.S.C. § 1927 by filing the Second and Third Complaints, and that reasonable fees and expenses in the amount of $64,000 were appropriate sanctions under Rule 9011 or,

---

[5] Appellants appealed the dismissal. The United States District Court for the Northern District of Texas affirmed, and Appellants appealed to the Fifth Circuit, which affirmed the district court. See In re First City Bancorporation of Texas, Inc., No. 99-10587 (5th Cir. Dec. 23, 1999).

6

alternatively, as reimbursement under § 11.9 of the Joint Plan of Reorganization. This amount only represented fees and expenses arising from Greenfield's filing of the Third Complaint, as the bankruptcy court determined that it was bound by the ruling of the Philadelphia district court denying Appellees fees and expenses incurred in connection with the Second Complaint.

Appellees then filed a motion for reconsideration of the bankruptcy court's determination that it was barred by res judicata from awarding Appellees fees and expenses in connection with the filing of the Second Complaint. In an order issued on February 22, 1999 ("February 22 order"), the bankruptcy court granted the motion and awarded $10,000 to Brown and Wilson and $20,000 to Carrington as fees and expenses. Appellants timely appealed both the February 1 order and the February 22 order to the Northern District of Texas.

The district court issued a memorandum opinion on October 13, 1999. The district court affirmed the bankruptcy court's award of reasonable fees and expenses under § 11.9 of the Joint Reorganization Plan. The district court also found that the bankruptcy court did not abuse its discretion by awarding sanctions under Rule 9011 and 28 U.S.C. § 1927. Furthermore, the court affirmed the February 22 order awarding fees and expenses incurred by Appellants in responding to the Second Complaint.

However, the district court found that the bankruptcy court

7

abused its discretion by imposing a lifetime injunction against practicing in the bankruptcy court for the Northern District of Texas on Greenfield. Citing this circuit's rule that sanctioning courts must "utilize the sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such purpose," see <u>Thomas v. Capital Sec. Servs., Inc.</u>, 836 F.2d 866, 878 (5th Cir. 1988), the district court found that a lifetime injunction was "almost certainly not the least severe sanction available to deter Greenfield's conduct." Consequently, the district court reversed the portion of the February 1 order that permanently enjoined Greenfield from practicing before the bankruptcy court in the Northern District of Texas, and remanded to the bankruptcy court with instructions to "reconsider its sanction in light of the Fifth Circuit precedent cited above, and to tailor any injunction against Greenfield accordingly." Appellants timely appeal the judgment of the district court to this court.

## II. DISCUSSION

Appellants argue that reimbursement under § 11.9 of the Joint Reorganization Plan was inappropriate, and that the imposition of sanctions was improper, whether under Bankruptcy Rule 9011, or 28 U.S.C. § 1927. Appellees contend that this court lacks jurisdiction over the instant appeal because the district court did not issue a final order. We agree.

Our jurisdiction over bankruptcy appeals is defined by 28 U.S.C. § 158(d).  That section provides:  "The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section."  28 U.S.C. § 158(d).  Subsection (a) grants district courts "jurisdiction to hear appeals from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."  28 U.S.C. § 158(a).  Thus, this court may only review final decisions of a district court that, in turn, dispose of a final decision of a bankruptcy court.  See In re Pro-Snax Distributors, Inc., 157 F.3d 414, 420 (5th Cir. 1998) (citing §§ 158(a), (d)).  As we have previously stated, "[t]he salutary purpose of the rule set forth in § 158 is to avoid piecemeal appeals."  In re County Management, Inc., 788 F.2d 311, 314 (5th Cir. 1986) (citing In re Delta Servs. Indus., 782 F.2d 1267, 1269 (5th Cir. 1986)).

The rule in this circuit is that "a district court order is not a final order under section 158(d) where that order reverses an order of the bankruptcy court and remands the case to the bankruptcy court for significant further proceedings."  In re Caddo Parish-Villas South, Ltd., 174 F.3d 624, 626 (5th Cir. 1999).  Under our precedents, a district court's remand order requires "significant further proceedings" when it "calls on the bankruptcy court to perform a judicial function [rather than] a

purely ministerial function." <u>Id.</u> at 628. We have, moreover, defined a "judicial function" as one which "necessitates further fact-finding [or] the use of substantial discretion on the part of the bankruptcy court." <u>Pro-Snax</u>, 157 F.3d at 420-21 (footnote omitted). In contrast, we have explained that a "ministerial function" comprises "purely mechanical, computational, or in short 'ministerial' task[s], whose performance is unlikely to generate a new appeal or to affect the issue that the disappointed party wants to raise on appeal from the order of remand." <u>Caddo</u>, 174 F.3d at 628 (quoting <u>In re Fox</u>, 762 F.2d 54, 55 (7th Cir. 1985)) (internal quotation marks omitted). Under this standard, one of our sister circuits has found that when a district court affirms a finding that sanctions are warranted but remands for the bankruptcy court to reconsider the particular sanctions awarded, the district court has remanded for "significant further proceedings" and its order does not constitute a final decision. <u>See</u> <u>In re Rex Montis Silver Co.</u>, 87 F.3d 435, 438 (10th Cir. 1996); <u>cf.</u> <u>In re Excello Press, Inc.</u>, 967 F.2d 1109, 1111 (7th Cir. 1992) (finding remand for ministerial task when both parties agreed that "to implement the district court's judgment, the bankruptcy court would merely subtract $1,500 from the original award of sanctions").

Here, the district court remanded "that portion of the Original Sanctions Order which permanently enjoined Greenfield

from practicing before the United States Bankruptcy Court for the Northern District of Texas, Dallas Division." In so doing, it instructed the bankruptcy court to "reconsider its choice of sanction" in light of Fifth Circuit precedent requiring a sanctioning court to award the least severe sanction adequate to further the purpose of Federal Rule of Civil Procedure 11 (and thus, by analogy, Federal Rule of Bankruptcy Procedure 9011). See Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 878 (5th Cir. 1988). This instruction requires the bankruptcy court to consider the extent to which an injunction of a particular duration will serve to educate, compensate, and deter repetition of the sanctioned conduct, see Jennings v. Joshua Indep. Sch. Dist., 948 F.2d 194, 196 (5th Cir. 1991) (citing Jennings v. Joshua Indep. Sch. Dist., 877 F.2d 866, 322 (5th Cir. 1989) (on denial of rehearing)); to consider alternatives to the lifetime injunction; to possibly make further findings of fact; and in all likelihood, to prescribe an injunction of different duration than that originally imposed in the February 1 order. Thus, the analysis that the district court's instruction obliges the bankruptcy court to perform is a far cry from a "purely mechanical, computational, or ministerial task." We therefore conclude, like the Tenth Circuit in Rex Montis, that the remand requires the performance of a judicial function by the bankruptcy court, and that, as a result, the district court's memorandum opinion and order is not a final order under § 158.

11

Unsurprisingly, Appellants do not argue that the district court's order should be considered final because the remand calls for the performance of a ministerial, rather than judicial, function.  Instead, Appellants contend that we have jurisdiction because the district court's decision regarding the portion of the February 1 order determining that sanctions were appropriate and awarding monetary sanctions is final.  Appellants point to the fact that no further proceedings in the bankruptcy court are necessary with regard to this portion of the February 1 order. In their reply brief, furthermore, Appellants characterize this non-remanded portion of the February 1 order as a discrete and separable issue that may be appealed while the remanded portion of the order is pending before the bankruptcy court.

Appellants cite several factually and legally inapposite cases in support of the proposition that one portion of an order may be appealed although another portion is remanded.  See Beneficial Consumer Discount Co. v. Poltonowicz, 47 F.3d 91, 93 (3d Cir. 1995)(reviewing district court's dismissal of action with prejudice under exception to 28 U.S.C. § 1447(d)'s bar against appellate review of district court's decision to remand to state court for lack of subject matter jurisdiction); Colorado Dep't of Soc. Serv. v. United States Dep't of Health, 29 F.3d 519, 522 (10th Cir. 1994) (reviewing agency commissioner's disallowance of four separate claims for administrative costs even though a fifth claim had been remanded).  We are not

12

persuaded that this authority should govern the case before us. Furthermore, our own research has revealed no case in which a court of appeals applying a rule of finality similar to our own has assumed jurisdiction over an appeal of a district court's affirmance of the decision to award sanctions when the district court remanded to the bankruptcy court for a determination of the actual award.

Even if we were to very generously construe Appellants' brief to assert that appellate jurisdiction lies under the collateral order exception, that argument would also fail. In order for this exception to § 158's final order requirement to apply, the order appealed from must "(1) 'conclusively determine the disputed question,' (2) 'resolve an important issue completely separate from the merits of the action,' and (3) 'be effectively unreviewable on an appeal from a final judgment.'" In re Aegis Speciality Mktg., Inc., 68 F.3d 919, 921-22 (5th Cir. 1995) (per curiam) (citations and internal quotation marks omitted). "'These conditions are conjunctive: failure of any one results in the failure of jurisdiction.'" Id. at 922 (citations omitted). Although Appellants' arguments on the first two requirements are hardly persuasive, their inability to establish the third is fatal. There is no conceivable reason that the bankruptcy court's decision to award sanctions would not be reviewable on an appeal to the district court from a final order of the bankruptcy court determining the scope of the

13

injunction against Greenfield, once the injunction is reconsidered on remand.  We therefore conclude that we lack jurisdiction over this appeal.[6]  To find otherwise would run contrary to the "salutory purpose" of § 158:  "to avoid piecemeal appeals."  See County Management, 788 F.2d at 314.

III.  CONCLUSION

For the foregoing reasons, we DISMISS the instant appeal for want of jurisdiction.

---

[6]  Because we lack jurisdiction over the instant appeal, we do not reach the question of whether we have jurisdiction over Appellees' cross appeal.  Furthermore, in the absence of appellate jurisdiction, we do not have the authority to stay or suspend the appeal pending the bankruptcy court's ruling on remand and cannot accede to Appellants' request that we do so. The record will be returned to the district court.