PER CURIAM:
 

 We dismiss this appeal because the judgment appealed from is not final and appeal-able. In this bankruptcy case, the defendant-creditor Crain Brothers, Inc. (Crain) seeks to appeal an interlocutory order: the district court’s reversal of the bankruptcy court’s grant of summary judgment in Crain’s favor. The trustee in bankruptcy of the estate of Crain’s former debtor, Emerald Oil Company (Emerald), had sued Crain for the return to the estate the amount of $50,485.70 in payment for Crain’s services that Emerald alleged was a preferential transfer voidable by the trustee under section 547 of the Bankruptcy Code of 1978,11 U.S.C. § 547. The bankruptcy court entered summary judgment dismissing Emerald’s claim because the transfer was not made within ninety days of the filing of the petition of bankruptcy, a prerequisite to voidability, and fell within the “transfers made in the ordinary course of business exception” to section 547. On Emerald’s appeal, the district court reversed the ruling of the bankruptcy court.
 

 The district court’s reversal is not an appealable “final judgment, order, or decree”, as required by 28 U.S.C. § 1293(a)(b) (1978), see
 
 Matter of Kutner,
 
 656 F.2d 1107, 1111 (5th Cir.1981); 28 U.S.C. §§ 1291,1334 (1978), for there was no final determination of the rights of the parties to secure the relief they seek in this suit. Further, there was no section 1292(b), 28 U.S.C. § 1292(b), certification and neither court directed entry of a final judgment by a Fed.R.Civ.P. 54(b) order as to the issues they had decided. The case thus awaits further proceedings in the bankruptcy and district courts before there is an appealable final judgment. Accordingly, we dismiss this appeal of an interlocutory order for lack of jurisdiction.
 

 APPEAL DISMISSED.