United States Court of Appeals,

Fifth Circuit.

No. 95-10400

Summary Calendar.

In the Matter of AEGIS SPECIALTY MARKETING INC. OF ALABAMA;  Wood
Agency Inc.;  Aegis Specialty Marketing Inc. of Delaware;  Aegis
Specialty Marketing Inc. of Nevada, Debtors.

AEGIS SPECIALTY MKTG. INC., et al. Appellants,

v.

Donald N. FERLITA, Appellee.

Nov. 9, 1995.

Appeal from the United States District Court for the Northern
District of Texas.

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:

Debtors-Appellants Aegis Specialty Marketing Inc. of Alabama,
et al., appeal from a district court decision reversing the
bankruptcy court's confirmation of a reorganization plan filed
pursuant to Chapter 11 of the Bankruptcy Code.  We find that the
decision of the district court is not a "final order"[1], and we
therefore dismiss this appeal for want of jurisdiction.

PROCEEDINGS BELOW

On November 17, 1992, Aegis Specialty Marketing Inc. of
Alabama, et al. ("the Debtors"), filed for relief under Chapter 11
of the Bankruptcy Code.  Donald L. Ferlita ("Ferlita"), a creditor
in the bankruptcy proceedings, timely filed a Proof of Claim in the

_____

[1]*See* 28 U.S.C. § 158(d)

bankruptcy court.  This claim was classified as a general unsecured claim pursuant to Class 6 of the Debtor's Plan of Reorganization.

On June 10, 1993, the Debtors filed their Chapter 11 Plan of Reorganization.  After determining that the Debtor's proposed plan complied with the requirements of 11 U.S.C. § 1129(a), the bankruptcy court confirmed the plan.  The bankruptcy court later entered findings of facts and conclusions of law to support its decision to confirm.  Ferlita appealed the confirmation to the federal district court for the Northern District of Texas.

On appeal to the district court, Ferlita argued that the Debtors had failed to present the bankruptcy court with any evidence that would support a finding that the plan complied with the requirements of 11 U.S.C. § 1129(a).  Specifically, Ferlita argued that the "good faith" requirement of § 1129(a)(3)[2] was not met.

The district court concluded that, under the law of this circuit, the bankruptcy court is to hold an evidentiary hearing on the confirmability of a plan of reorganization, with the burden on the plan's proponents to present evidence supporting a finding of compliance with the requirements of § 1129(a).[3]  The district court held that, because the bankruptcy court incorrectly based its

---

[2]11 U.S.C. § 1129(a)(3) provides:

> (a) The court shall confirm a plan only if all of the following requirements are met:

> (3) The plan has been proposed in good faith and not by any means forbidden by law.

[3]Memorandum Opinion and Order, at 4 (March 29, 1995).

ruling confirming the plan on the erroneous assumption that Ferlita had the burden of proving the plan unconfirmable, the bankruptcy court's ruling was invalid and had to be reversed and remanded to the bankruptcy court for further proceedings to determine whether the plan met the requirements of § 1129(a).

The Debtors filed the present appeal urging us to reverse the district court on the basis that the district court erred when it disregarded the bankruptcy court's factual findings and reversed the order confirming the reorganization plan. The issue of jurisdiction was raised by this court, and we requested supplemental briefs from the parties on this issue. After reviewing the parties' briefs and the applicable case law, we have determined that we are without jurisdiction to reach the merits of this appeal.

JURISDICTION UNDER 28 U.S.C. § 158(d)

This court has jurisdiction to hear "appeals from all final decisions, judgments, orders, and decrees." 28 U.S.C. § 158(d). The jurisdictional question we are presented with in the instant case is whether, under the facts presented, the district court's order reversing and remanding "for further proceedings to determine whether such [reorganization] plan meets the requirements of 11 U.S.C. § 1129"[4] is a "final order" for purposes of appeal.

This court has stated "that when a district court sitting as a court of appeals in bankruptcy remands a case to the bankruptcy court for significant further proceedings, the remand order is not

---

[4]*Supra* note 4, at 5-6.

"final' and therefore not appealable under § 158(d)." *In re Nichols,* 21 F.3d 690, 692 (5th Cir.1994) (citing *In re Bowman,* 821 F.2d 245 (5th Cir.1987)). Therefore, where a district court's remand entails significant further proceedings, such as additional fact-finding, then the order should not be considered final. However, if the remand involves only ministerial proceedings, such as the entry of an order by the bankruptcy court in accordance with the district court's decision, then the order should be considered final.[5]

We hold that the district court's order reversing and remanding for further proceedings is not final under § 158(d). Consequently, we are without jurisdiction to reach the merits of the Debtors' appeal.

We are not to be understood as holding that a reversal of a confirmation order can never be considered final. In fact, we have previously implicitly recognized circumstances in which a district court's order reversing a confirmation order is final for purposes of appeal. *See In re Briscoe Enter., Ltd., II.,* 994 F.2d 1160 (5th Cir.1993) (addressing the merits of an appeal from a district court's reversal of the bankruptcy court's confirmation order without discussing jurisdictional issues). Consequently, the finality of an order for purposes of appeal pursuant to § 158(d) must be made on a case-by-case basis.

JURISDICTION UNDER THE COLLATERAL ORDER EXCEPTION

---

[5]*See Bowman,* 821 F.2d at 247 (final order is one in which all that remains to be done is the mechanical entry of judgment).

In the alternative, the Debtors contend that if we do not have jurisdiction under § 158(d), we may still find jurisdiction under the collateral order exception. In order to establish jurisdiction under this exception, three requirements must be satisfied. The order appealed from must: "(1) "conclusively determine the disputed question,' (2) "resolve an important issue completely separate from the merits of the action,' and (3) "be effectively unreviewable on appeal from a final judgment.' " *In re Aucoin,* 35 F.3d 167, 170 (5th Cir.1994) (quoting *Richardson-Merrel, Inc. v. Koller,* 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985)). "These conditions are conjunctive: failure of any one results in the failure of jurisdiction." *Id.* (citing *In re Delta Servs. Indus., Etc.,* 782 F.2d 1267, 1272 (5th Cir.1986)).

While the order appealed from in the instant case might arguably satisfy the first two requirements of the collateral order exception, it clearly does not satisfy the third. Assuming, *arguendo,* that the district court improperly placed the burden of proving that the reorganization plan complied with the requirements of § 1129(a) on the proponents of the plan, such ruling would still be reviewable on appeal from a final judgment. Consequently, the order appealed from does not satisfy the third requirement of the collateral order exception and we are therefore without jurisdiction to hear this appeal.

## CONCLUSION

Because we lack jurisdiction in the instant case, we do not address the issue of whether the district court was correct when it

5

held that the the burden of proving the confirmability of a plan of reorganization is upon the proponent of the plan. We also express no opinion as to whether the confirmation hearing conducted by the bankruptcy judge on October 28, 1993, amounted to a sufficient evidentiary hearing.[6] The appeal is therefore DISMISSED.

_____

[6]*See Williams v. Hibernia Nat'l Bank,* 850 F.2d 250, 253 (5th Cir.1988) (bankruptcy court must hold an evidentiary hearing in ruling on confirmation).