IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 95-30850

Summary Calendar

IN RE:  DAVID ALAN DELANEY,

                                        Debtor.

DAVID ALAN DELANEY,

                                        Appellee,

                        versus

DANNY CORLEY, JR., a/k/a BO CORLEY,

                                        Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
(CA-94-1550)

December 21, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

     Danny Corley appeals from the United States District Court's

judgment reversing the decision of the United States Bankruptcy

Court and remanding for further proceedings.

                        I.

_____

     *Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

On the evening of September 24, 1986, David Delaney shot Danny Corley. In the ensuing state court tort action, the state court rendered judgment in favor of Corley and awarded $1.4 million in damages. The Louisiana Court of Appeals modified the judgment, increasing the percentage of fault assigned to Delaney from 50% to 80%. See Corley v. Delaney, 629 So.2d 1255 (La. Ct. App. 1993), writ denied, 637 So.2d 156 (La. 1994).

After the state trial court rendered its judgment, Delaney filed for bankruptcy protection in the United States Bankruptcy Court for the Western District of Louisiana on October 9, 1992. On January 12, 1993, Corley filed his Creditor's Complaint to Determine Dischargeability, seeking a declaration that the state court judgment was non-dischargeable under 11 U.S.C. § 523(a)(6). 11 U.S.C. § 523(a)(6) exempts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

The bankruptcy court rendered judgment for Corley, concluding that the "debtor clearly committed willful and malicious acts against the plaintiff." To support its conclusion, the bankruptcy court reasoned:

> It is beyond peradventure that loading a twelve gauge, double barreled, sawed-off shotgun and pointing it toward the face of another unarmed person or against a windshield just beyond the face is wrongful and without just cause. The facts also support a finding that the acts were deliberate, intentional and led to the plaintiff's injuries. The debtor systematically went to his room and loaded the gun. He briefly put it down when reprimanded by his father. Even after his father advised him to relinquish it, he again picked up the weapon, put his finger on the trigger and headed outside to confront the plaintiff.

2

On appeal, the district court reversed the judgment of the bankruptcy court and remanded the case for further proceedings. The district court reasoned:

> We have no quarrel with the conclusions that the loading and pointing were intentional acts. But the factual findings do not address or evaluate the damage causing activity, viz: the discharge of the gun upon Delaney's tapping on the windshield. But for that act, no damage could have occurred. The shot gun must discharge to produce the injury suffered by Mr. Corley.
>
> Our reading of the record leads to a finding that the weapon discharge was inadvertent, unintended, and totally accidental. We are driven to that conclusion for many reasons, including the trial testimony of David Delaney at page 322; the trial testimony of William Meyers at page 51; and the deposition testimony of the victim himself at pages 34, 42, and 60. We are particularly interested in the victim's assertion that Mr. Delaney "tapped twice to get my attention, I guess to get my attention." page 60.
>
> Thus, we are left with the inescapable conclusion that there is no finding of fact to support the decision that the damage causing act of Mr. Delaney was willful and malicious. Hence, the decision of the bankruptcy court is reversed. This matter is returned to the bankruptcy court for further action not inconsistent with this opinion.

This timely appeal followed.

## II.

Decisions entered by a district court sitting in bankruptcy are not appealable to the court of appeals unless they are final. 28 U.S.C. § 158(d); In re Aegis Specialty Marketing Inc. of Alabama, 68 F.3d 919, 921 (5th Cir. 1995). "[W]here a district court's remand entails significant further proceedings, such as additional fact-finding, then the order should not be considered final." Id.; see also In re Harrington, 992 F.2d 3, 6 (1st Cir. 1993) (holding that district court order remanding a case for further proceedings is not final unless the district court order

"resolves all procedural and substantive issues necessary to conclude the entire appeal").

In this case, the district court's order remanding the case to the bankruptcy court entails significant further proceedings that render the district court's order non-final. Although the district court found, on its review of the record as it stood, that "the weapon discharge was inadvertent, unintended, and totally accidental," the district court did not rule out the possibility that the bankruptcy court would reopen the proceedings to consider additional evidence on remand. Given this possibility of additional fact-finding, we are not persuaded that the district court opinion "resolves all procedural and substantive issues necessary to conclude" this litigation.

Appeal DISMISSED.