# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 2, 2009

No. 08-20593

Charles R. Fulbruge III
Clerk

In The Matter Of: ANTELOPE TECHNOLOGIES INC, doing business as
MCC Computer Company

Debtor

-------------------------------------------------------------------------------------------------------------

ANTELOPE TECHNOLOGIES INC., doing business as MCC Computer
Company

Appellant

v.

JANIS LOWE; ALAN TAYLOR

Appellees

Appeal from the United States District Court
Southern District of Texas
USDC Nos. 4:07-CV-4135 and 4:08-CV-0127(Consolidated)

Before JONES, Chief Judge, and HIGGINBOTHAM and HAYNES, Circuit
Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Antelope Technologies, a debtor, appeals a district court order vacating its confirmed chapter 11 bankruptcy plan and remanding for fact-finding on whether the plan was proposed in good faith and for a hearing on whether to appoint a trustee. This court must examine its own appellate jurisdiction *sua sponte*. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008). We have appellate jurisdiction over all final orders, 28 U.S.C. § 158(d)(1), but a district court order remanding to the bankruptcy court is not final if the bankruptcy court on remand must perform judicial, rather than merely ministerial, functions. *Beal Bank, S.S.B. v. Caddo Parish-Villas South, Ltd.*, 174 F.3d 624, 626 (5th Cir. 1999). Here, the bankruptcy court must admit evidence, weigh that evidence, and then decide whether to appoint a trustee and whether the plan was proposed in good faith—more than a ministerial function. *See County Mgmt., Inc. v. Kriegel*, 788 F.2d 311, 313 (5th Cir. 1986) ("This remand for further factual findings simply is not a final order.") Antelope's appeal is therefore DISMISSED.