**In the matter of CYPRESSWOOD LAND PARTNERS, I, Debtor.**

**Beirne, Maynard & Parsons, Limited Liability Partnership, Appellant**

v.

**Cypresswood Land Partners, I; Stephen A. Morrow; Grace Interests, Limited Liability Company; Money Strategies of Texas, Appellees.**

No. 11–20359.

United States Court of Appeals, Fifth Circuit.

Jan. 5, 2012.

Mark Edward Andrews, Esq., Aaron Michael Kaufman, Esq., Cox Smith, Dallas, TX, Ellen B. Mitchell, Cox Smith, San Antonio, TX, for Appellant.

Deborah J. Fritsche, Johnson, Trent, West & Taylor, L.L.P., Houston, TX, for Appellees.

Before DeMOSS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM: *

Appellant Beirne, Maynard & Parsons, L.L.P. (BMP) appeals the district court's decision, in its appellate capacity, affirming in part and reversing and remanding in part a decision of the bankruptcy court.

"The federal courts are courts of limited jurisdiction and are tasked with the duty to continually, and *sua sponte,* assess their jurisdiction." *USPPS, Ltd. v. Avery Dennison Corp.,* 647 F.3d 274, 284 (5th Cir. 2011). Appellate jurisdiction over bankruptcy appeals "extends to 'all final decisions, judgments, orders, and decrees entered [by the district court].'" *Andrews & Kurth L.L.P. v. Family Snacks (In re Pro–Snax Distribs., Inc.),* 157 F.3d 414, 420 (5th Cir.1998) (quoting 28 U.S.C. § 158(d)) (alteration in original). A district court order remanding a case to the bankruptcy court is not final, and therefore not appealable, if it requires the bankruptcy court to perform judicial rather than ministerial functions. *United States Tr. v. Cortez (In re Cortez ),* 457 F.3d 448, 453 (5th Cir.2006) ("Remands that require the bankruptcy court to perform judicial functions, such as additional fact-finding, are not final orders and, therefore, are not appealable to this court."); *see also Beal Bank, S.S.B. v. Caddo Parish–Villas S., Ltd. (In re Caddo Parish–Villas S., Ltd.),* 174 F.3d 624, 627–28 (5th Cir.1999); *In re Pro–Snax Distribs., Inc.,* 157 F.3d at 420 (explaining that a remand order requires the bankruptcy court to perform judicial functions if it "necessitates further factual development or other significant judicial activity involving the exercise of considerable discretion").

In this case, the district court's remand order requires that the bankruptcy court conduct additional fact-finding to determine "which payments, if any, Morrow made in satisfaction of his personal account." The remand order also requires the bankruptcy court to reexamine its decision ordering complete disgorgement to the extent that it was based on its conclusion that BMP violated the Texas Disciplinary Rules. These are judicial functions, not merely ministerial functions. Accordingly, the district court's order was not final and we lack jurisdiction to hear this appeal.

DISMISSED.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.