# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2014

Lyle W. Cayce
Clerk

No. 13-20035

In the Matter of:  YAZOO PIPELINE COMPANY, L.P.,

Debtor

------------------------------

OKIN ADAMS & KILMER, L.L.P.,

Appellant

v.

JOSEPH M. HILL, Trustee,

Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before OWEN, SOUTHWICK, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

This case arises from a dispute over attorney's fees that were generated in an underlying bankruptcy case.  Okin Adams & Kilmer L.L.P., ("OAK") made a request for attorney's fees in the bankruptcy court for the legal services it provided when representing debtors in Chapter 11 proceedings.  The bankruptcy court awarded OAK only a portion of its overall attorney's fees request.  OAK appealed the bankruptcy court's decision to the district court.

No. 13-20035

OAK now seeks review of the district court's order, which vacated in part and remanded the case back to the bankruptcy court. We need not reach the merits of this appeal because we find appellate jurisdiction to be lacking under this Court's well-established principle that a district court order is not final within the meaning of 28 U.S.C § 158(d) when that order reverses an order of the bankruptcy court and remands the case for significant further proceedings on the very issue the parties seek to address on appeal. This appeal is therefore DISMISSED for lack of appellate jurisdiction.

## FACTS AND PROCEDURAL HISTORY

This appeal arises out of a bankruptcy proceeding initiated on December 23, 2008, by Charles Cheatham, who filed for bankruptcy under Chapter 11 of the bankruptcy code on behalf of himself and several companies he owned, including Sterling Exploration & Production Co., LLC; Yazoo Pipeline Co., L.P.; and Matagorda Operating Company. (R. 3206). The bankruptcy cases were jointly administered, and the bankruptcy court entered an order authorizing OAK to represent the debtors effective January 9, 2009. (R. 3207). After the bankruptcy cases were filed, the debtors incurred significant unauthorized administrative claims and failed to timely file their first few monthly operating reports with the bankruptcy court. (R. 3206–07). During this time, OAK was exploring the potential of selling an interest in the debtor companies or the companies' assets with several entities, but the sales were never completed. (R. 3208–09). By early June 2009, the bankruptcy court became aware that the debtors' unauthorized expenses had significantly exceeded the estimates in the budgets filed with and approved by the court. (R. 3209).

Finding that the debtors had failed to meet filing and reporting deadlines, had failed to comply with court orders, and were continuing to operate at a loss, the bankruptcy court ordered that the Yazoo and Sterling

No. 13-20035

cases be converted to Chapter 7 on December 8, 2009, and the court converted Matagorda's case to Chapter 7 on February 8, 2010. (R. 3212).  Joseph M. Hill was appointed to serve as the Chapter 7 trustee in the debtors' cases. (R. 3212).

On April 6, 2010, OAK filed an application in the bankruptcy court for fees and expenses incurred while serving as the debtors' counsel in the Chapter 11 cases. (R. 3213).  OAK requested $364,566.50 in fees and $8,881.55 in expenses for legal services it performed between January 9 and December 8, 2009. (R. 3213). OAK's fee application divided its work into nine categories.[1] (R. 3213).  Following the rule in *In re Pro-Snax*,[2] the bankruptcy court denied most of OAK's attorney's fees request, finding that only three categories of OAK's services had actually resulted in an identifiable, tangible, and material benefit to the debtors' estate.[3] (R. 3217).  The bankruptcy court issued its final order on May 20, 2010 awarding OAK $60,000 in fees and expenses. (R. 3217).

OAK appealed the bankruptcy court's decision to the district court. (R. 3217).  Upon appellate review, the district court issued its order on December 21, 2012, which affirmed in part, vacated in part, and remanded the case back to the bankruptcy court. (R. 3205–32).  Specifically, the district court affirmed the bankruptcy court's ruling that only three categories of OAK's services were

---

[1] OAK's nine categories were:  (1) case administration; (2) asset disposition; (3) relief from stay/adequate protection proceedings; (4) meeting of and with creditors; (5) fee/employment applications; (6) other contested matters; (7) financing/cash collateral; (8) claims administration and objections; and (9) plan and disclosure statement.  (R. 3213).

[2] In *In re Pro-Snax*, this Court held that attorney's fees were only compensable if the legal services "resulted in an identifiable, tangible, and material benefit to the bankruptcy estate." 157 F.3d 414, 426 (5th Cir. 1998).

[3] The bankruptcy court found that the following three categories of OAK's fees were compensable under the *Pro-Snax* rule: (1) the initial review to learn the issues and facts of the cases; (2) negotiations with the State of Texas General Land Office to resolve a dispute over four oil and gas leases and over past-due royalties; (3) and OAK's work with respect to debtor-in-possession funding. (R. 3217).

3

compensable under the *Pro-Snax* rule (R. 3206); vacated the award of $60,000 in fees and expenses because OAK had not identified how many hours it spent providing legal services for the three compensable categories of work (R. 3206); and (3) remanded the case to the bankruptcy court to determine a reasonable attorney's fee award, after OAK submitted an additional fee request that complied with the district court's order. (R. 3251). In its order remanding the case back to the bankruptcy court, the district court explained:

> The fee application OAK submitted included a summary of [] hours spent on professional services on the debtors' behalf from January 9 to December 8, 2009. The summary divides the work into nine categories . . . . These categories do not track or correspond to the three categories of legal services the bankruptcy court found compensable. . . . The parties did not identify or provide any efficient way for the court to identify, how many hours OAK spent on these three categories of legal services. Because the record does not reveal the connection between the $60,000 awarded and the hours expended or the result obtained, the fee amount is reversed and this case is remanded for the bankruptcy court to determine the reasonable fee, after OAK identifies the number of hours to be allocated to the three categories of compensable services.

(R. 3229–30). On January 18, 2013, OAK appealed the district court's order to this Court, challenging the district court's ruling on its attorney's fees request. (R. 3234-36).

Upon initial review of the district court's order and the parties' briefs, we became concerned about the jurisdictional grounds for hearing this appeal. On October 16, 2013, we requested additional briefing from the parties on the question of whether this Court has jurisdiction to hear this appeal based on the district court's remand order. After thorough consideration of the district court's order, the parties' supplemental briefs, and this Circuit's precedent, we find that we lack jurisdiction to hear this appeal for the reasons set forth below.

No. 13-20035

## STANDARD OF REVIEW

"We must always be sure of our appellate jurisdiction and, if there is doubt, we must address it, *sua sponte* if necessary." *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999) (citation omitted). Even if the parties do not challenge the appellate jurisdiction of this Court, "'we are obligated to examine the basis for our jurisdiction, *sua sponte*, if necessary.'" *In re Chunn*, 106 F.3d 1239, 1241 (5th Cir. 1997) (quoting *Williams v. Chater*, 87 F.3d 702, 704 (5th Cir. 1996)). When reviewing bankruptcy cases on appeal, this Court has "held that when a district court sitting as a court of appeals in bankruptcy remands a case to the bankruptcy court for significant further proceedings, the remand order is not 'final' and therefore not appealable under § 158(d)." *In re Nichols*, 21 F.3d 690, 692 (5th Cir. 1994).

## DISCUSSION

This Court's jurisdiction over appeals from cases arising in bankruptcy court extends to all "final judgments, orders and decrees" entered by the district courts. 28 U.S.C. § 158(d), referencing subsection 158(a); *In re Greene Cnty. Hospital*, 835 F.2d 589, 590 (5th Cir. 1988) (noting that "28 U.S.C. § 158 limits circuit court jurisdiction to 'final' orders of district courts"). Discrete legal issues within a bankruptcy case may be appealed separately, however, apart from the bankruptcy case as a whole as long as the district court has made a final judgment as to the discrete legal issue being appealed. *In re Orr*, 180 F.3d 656, 659 (5th Cir. 1999) ("A [bankruptcy] case need not be appealed as a 'single judicial unit' at the end of the entire bankruptcy proceeding, but . . . the order must dispose of a discrete dispute within the larger bankruptcy case for the order to be considered final." (quoting *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1155 (5th Cir. 1988)).

We must determine whether the district court's remand order is "final" by deciding whether the remand requires "extensive further proceedings" in

the bankruptcy court. *Pro-Snax*, 157 F.3d at 420. If a district court's remand order requires extensive further proceedings in the bankruptcy court, then this Court does not view the district court's order as final, and thus it is not appealable. *See In re Caddo Parish-Villas S., Ltd.*, 174 F.3d 624, 628 (5th Cir. 1999) ("A long, unbroken line of cases establishes the general rule in this circuit that a district court order is not a final order under section 158(d) where that order reverses an order of the bankruptcy court and remands the case to the bankruptcy court for significant further proceedings."). "In determining what constitutes 'significant further proceedings,' we distinguish between those remands requiring the bankruptcy court to perform 'judicial functions' and those requiring mere 'ministerial functions.'" *In re Cortez*, 457 F.3d 448, 453 (5th Cir. 2006) (citation omitted).

A remand order is considered to be "final" only when the bankruptcy court has nothing left to do upon remand but perform "ministerial functions," such as an entry of judgment. *Caddo Parish-Villas*, 174 F.3d at 626 ("A final order is one in which nothing remains to be done but the mechanical entry of judgment by the [bankruptcy] court." (internal quotations and citations omitted)). A remand order is not final, however, when it requires a bankruptcy court to perform judicial functions, such as additional fact-finding or further factual development, or requires the exercise of judicial discretion. *Cortez*, 457 F.3d at 453 ("Remands that require the bankruptcy court to perform judicial functions, such as additional fact-finding, are not final orders and, therefore, are not appealable to this court." (citing *In re Aegis Specialty Mktg., Inc.*, 68 F.3d 919, 921 (5th Cir. 1995))); *Pro-Snax*, 157 F.3d at 420 (noting that a remand order "is not final if it necessitates further factual development or other significant judicial activity involving the exercise of considerable discretion").

No. 13-20035

In the instant appeal, neither party has raised the issue of jurisdiction before this Court, however, "we are obligated to examine the basis for our jurisdiction, *sua sponte*, if necessary." *Cortez*, 457 F.3d at 453 (citing *In re Chunn*, 106 F.3d at 1241) (internal quotations omitted).  Furthermore, this Circuit's precedent establishes that appellate review of an attorney's fee award is improper when a district court remands a case back to the bankruptcy court to perform additional factual development regarding the attorney's fee request. *See, e.g.*, *Pratt*, 524 F.3d at 585 (holding that a remand order was not final when it required the attorney seeking fees to "submit additional evidence regarding his fees and allow[] [opposing counsel] the right to examine, question, or otherwise argue against the claimed fees and expenses"); *In re Pericone*, 319 Fed. App'x 325, 326 (5th Cir. 2009) (noting that "a district court's remand to a bankruptcy court to determine whether attorneys' fees were warranted and if so, in what amount, requires the bankruptcy court to perform 'significant further proceedings.'"); *In re Gadzooks Inc.*, 291 F. App'x 652, 654 (5th Cir. 2008) (same).

The district court's order in the instant appeal is not final because it requires the bankruptcy court to perform extensive further proceedings upon remand.  The district court explained that there was no factual basis in the record upon which an attorney's fee award could be granted because "[t]he parties did not identify or provide any efficient way for the court to identify, how many hours OAK spent on these three categories of legal services." (R. 3229–30).  Accordingly, the district court ordered the bankruptcy court to perform further factual development of OAK's fee request upon remand when it stated that "the fee amount is reversed and this case is remanded for the bankruptcy court to determine the reasonable fee, after OAK identifies the number of hours to be allocated to the three categories of compensable

7

services."[4] (R. 3229–30). *See Pratt*, 524 F.3d at 585 (finding a remand order was not final when it required the party seeking attorney's fees to "submit additional evidence regarding his fees"). The district court's order also required the bankruptcy court to exercise judicial discretion upon remand when determining how the facts presented in OAK's supplemental attorney's fees application apply to the three compensable categories of work outlined in the district court's opinion. (R. 3229–30). Given that the bankruptcy court must perform additional fact-finding and exercise discretion when determining an appropriate attorney's fee award, the district court's order requires the bankruptcy court to perform judicial functions upon remand.[5] The district court's order is therefore not a final order, and as such, it is not appealable to this Court.[6]

---

[4] The dissenting opinion maintains that the district court's remand order did not require further discovery in the bankruptcy court. We note, however, that the remand order required OAK to submit additional documentation regarding its attorney's fees.

[5] The dissenting opinion suggests that the matter before the court is analogous to *In re Lift & Equipment Services, Inc.*, a case in which we found appellate jurisdiction despite a district court's remand order to the bankruptcy court for further calculation of legal fees. 816 F.2d 1013, 1016 *opinion modified on reh'g*, 819 F.2d 546 (5th Cir. 1987). Respectfully, we disagree. The remand order in the instant case required OAK to submit further proof to the bankruptcy court regarding the segregation of its fees, whereas no further documentation was required in *In re Lift & Equipment*. As the opinion in *In re Lift & Equipment Services* explains,

"[A]ll requests for payment of administrative and legal expenses have already been approved and the disputed receivables have been accounted for and segregated. What remains is merely the bankruptcy court's review of the scheduled expenses to determine which items should be deducted from the accounts receivable . . . this is no more than a mechanical and ministerial task."

*Id.* at 1016.

[6] OAK asserts that the district court's order is final and appealable because it only required OAK to submit a supplemental attorney's fee request in order to allow the bankruptcy court to perform the accounting that the district court ordered, and that such an accounting is a ministerial function. *See* OAK's Letter Brief at 3. OAK is essentially asking this Court to discount the judicial functions the bankruptcy court would be required to perform upon remand—such as additional factual development and the exercise of judicial discretion—because those judicial functions will enable the bankruptcy court to then perform

No. 13-20035

We must also decline to accept jurisdiction in this case in order to avoid generating piecemeal appeals. As we have previously held, "[e]ven where a remand neither enhances nor alters this court's resolution of the issues before it, and even where immediate resolution of an appeal might render the remand futile, we must be wary of accepting jurisdiction where doing so may result in future piecemeal appeals." *Caddo Parish-Villas*, 174 F.3d at 629. If we were to accept jurisdiction in this case and, assuming *arguendo*, that we affirmed the district court's decision regarding attorney's fees, the bankruptcy court would still have to consider OAK's supplemental fee request and make a determination of OAK's fees based upon the three compensable categories of legal services outlined in the district court's opinion. Were either party to then disagree with the bankruptcy court's resolution of this issue, the result would be a piecemeal appeal. Accordingly, our interest in preserving judicial resources by avoiding piecemeal appeals further obligates us to decline jurisdiction in this case.

## CONCLUSION

OAK has filed a notice of appeal on the district court's order that required the bankruptcy court to perform judicial functions upon remand. The district court's order was not final and this Court does not have jurisdiction to hear this appeal accordingly. Therefore, this appeal is DISMISSED for lack of jurisdiction.

---

the ministerial function of calculating a new attorney's fee award. We have previously held, however, that "[w]hile in some cases the calculation of attorneys' fees may be a ministerial duty collateral to the merits of the action . . . a remand requiring such a calculation is not final if it necessitates further factual development or other significant judicial activity involving the exercise of considerable discretion." *Pro-Snax*, 157 F.3d at 420.

No. 13-20035

LESLIE H. SOUTHWICK, Circuit Judge, dissenting:

With respect, I dissent.  In my view, we have jurisdiction to resolve this appeal on its merits.

As the majority opinion states, our jurisdiction extends to "final decisions, judgments, orders, and decrees."  28 U.S.C. § 158(d).  "[W]hen a district court sitting as a court of appeals in bankruptcy remands a case to the bankruptcy court for significant further proceedings, the remand order is not 'final' and therefore not appealable under § 158(d)."  *In re Cortez,* 457 F.3d 448, 453 (5th Cir. 2006).  Significant further proceedings are ones likely to generate new appeals.  *Matter of Pro-Snax Distributors, Inc.*, 157 F.3d 414, 420 (5th Cir. 1998).  The remand to the bankruptcy court in our case was not of that nature.

Understanding what the district court ordered in this case begins with its memorandum opinion.  Relevant here, the court agreed with the bankruptcy court that only three categories of submitted legal services were compensable.  Though the bankruptcy court "correctly applied *Pro-Snax*'s requirement that it award fees based on whether the attorneys' services resulted in a material benefit," the district court could not determine whether the fee amount was properly calculated.  Thus the case was "remanded for the bankruptcy court to determine the reasonable fee, after OAK identifies the number of hours to be allocated to the three categories of compensable services."  To me, this required that the attorney take the documentation already provided and identify which hours applied to the relevant categories.

The district court's actual order also shows the narrowness of the task:

> This case is remanded to the bankruptcy court to determine the amount of time reasonably and actually spent on providing the three categories of compensable legal services found in this case and the reasonable fee for that work.

10

No. 13-20035

Finally, the bankruptcy court explained on remand what it thought was necessary. That court's final order of January 28, 2013, awarded about $90,000 in attorneys' fees. The three-page order recounts that after receiving the remand, the bankruptcy court ordered OAK to file a supplement to its original fee application. What the supplement apparently did – the appellate record does not contain the supplement – was identify which billing entries from the original fee application OAK filed in April 2010, applied to which of the three categories of compensable work. For example, one of the appropriate categories for compensation was for the initial review of the issues and facts of the case. In January 2013, the bankruptcy court pulled five specific entries out of what OAK filed as a supplement and found that they were not related to initial case review. Each item of work occurred in March 2009. The dates and brief summaries in the bankruptcy court's order correspond to entries in the 20-plus pages of billing records that OAK filed in April 2010. That original fee application is in the appellate record. This is not a determination based on new evidence. It is a decision based on old evidence, resubmitted by OAK.

In sum, the district court ordered the bankruptcy court to have OAK cull from its original fee application all entries for work that under *Pro-Snax* was not compensable. Then OAK resubmitted those remaining entries from the already-introduced billing records. The bankruptcy court could only ascertain the hours of work within those categories from existing evidence on the record. OAK certainly could not add to its billing for prior work not already included in its first fee application. The bankruptcy court determined, based on what the individual time entries from the original billings said about the work, the hours and fees owed to OAK under the district court's determination of compensable categories of work.

Our question is whether OAK's appeal from the district court's order that interpreted *Pro-Snax* to deny compensation for certain categories of work may

11

No. 13-20035

properly proceed even though the order from which the appeal was taken included a remand for the purposes I just described. Appeals from orders in bankruptcy cases under Section 158(d) are something of a special category in federal practice. This circuit once gave a useful description of finality for purposes of bankruptcy as being "a more flexible concept than in ordinary civil proceedings, [but] it is not an empty vessel into which the courts may pour whatever meaning they favor." *In re Lift & Equipment Serv., Inc.*, 816 F.2d 1013, 1016 (5th Cir. 1987). I am trying to avoid treating Section 158(d) as such as vessel, but I do believe it will hold more than the majority is allowing.

Analyzing the reach of our jurisdiction under Section 158(d) after the enactment of the substantial amendments in 1984 to the Bankruptcy Code, this court summarized the history of appellate review of final bankruptcy court orders. *Path-Science Laboratories, Inc. v. Greene Cnty. Hosp.* (*Matter of Greene Cnty. Hosp.*), 835 F.2d 589, 591-93 (5th Cir. 1988). After describing the complications of the prior practice, the court, in an opinion brimming with allusions to baseball,[1] stated that the district court's order remanding a case to bankruptcy court would be appealable if two conditions were met:

> For the order to be appealable, the game must really be over. To determine whether a remand by a district court really signals the end of the game, we must follow a two step inquiry. First, we must ask whether the order of the bankruptcy court itself is final in character, and second, if it is, we must ask if the remand by the district court requires extensive further proceedings. The answer to the first question must be in the affirmative while the answer to the second question must be in the negative.

---

[1] Judge Irving Goldberg swung for the fences when he used the national pastime as a metaphor for understanding bankruptcy appellate jurisdiction. "A paradox of appellate jurisdiction is that the season begins only after the game has ended. In baseball, it is easy to tell when the game is over. In bankruptcy, Title 11 of the United States Code not only changes the rules of the game, it reshapes the concept of game." *Matter of Greene Cnty. Hosp.*, 835 F.2d at 589 (footnotes omitted)).

*Id.* at 595 (citations omitted).

Whether the first factor is satisfied – was the bankruptcy court's order under review by the district court final in character – depends on whether it resolved "a discrete unit in the larger case." *Id.* I expect the majority agrees that the first bankruptcy court order reviewed by the district court was final in character; it was the final establishment of the attorneys' fees in this case. The second factor – does the remand by the district court require extensive additional proceedings – is the focus of this dissent.

In a case much discussed by the parties, we held that appellate review is precluded where "extensive further proceedings" before the bankruptcy court were required by the district court's remand order. *Pro-snax*, 157 F.3d at 420. The emphasis on the existence of "significant further proceedings" appears in many cases. *See, e.g.*, *In re Caddo Parish-Villas S., Ltd.*, 174 F.3d 624, 628 (5th Cir. 1999). If a remand requires significant further proceedings, we label those proceedings as a "judicial function" and hold there is no jurisdiction for an appeal. *See Cortez*, 457 F.3d at 453. "However, if the remand involves only ministerial proceedings, such as the entry of an order by the bankruptcy court in accordance with the district court's decision, then the order should be considered final." *Id.*

Comparing these articulations, it might at first be thought that there is a large gap between what is appealable and what is not. On the one hand, only if *significant* additional proceedings would occur on remand is the district court order not appealable. On the other, only if the remand is for something as *pro forma* as entry of judgment is the district court's order appealable. I believe that an elaboration of what our predecessor judges meant by these seemingly widely separated standards will better reveal the boundary between them.

13

One of our first cases after the 1984 amendments held that a district court order that remanded to a bankruptcy court is appealable "if all that remains to do on remand is a purely mechanical, computational, or in short [a] 'ministerial' task, whose performance is unlikely to affect the issue that the disappointed party wants to raise on appeal from the order of remand." *In re Lift & Equipment Serv., Inc.*, 816 F.2d at 1016 (quoting *In re Fox*, 762 F.2d 54, 55 (7th Cir. 1985). This elaboration on the meaning of "ministerial" task is quite helpful. That meaning was given life by our permitting the appeal to go forward despite the more than rubber-stamp nature of the remand:

> While the record in the instant case is unclear as to the specific proceedings which will be required on remand, counsel agreed at oral argument that all requests for payment of administrative and legal expenses have already been approved and the disputed receivables have been accounted for and segregated. What remains is merely the bankruptcy court's review of the scheduled expenses to determine which items should be deducted from the accounts receivable, rather than from the other assets. In the posture presented herein, this is no more than a mechanical and ministerial task. Appellate jurisdiction lies.

*Id.* Our situation is similar to the remand obligation in *Lift & Equipment*, where the appellate court had jurisdiction despite the remand to the bankruptcy judge to review expenses and make determinations as to specific items to deduct. One distinction is that in this prior case, there is no indication that the party seeking payment of the fees and expenses made a first pass at showing how the required deductions were to be made under the district court's order. It quite reasonably might have, but maybe it did not. Certainly in *Lift & Equipment* the parties would have been entitled to give their explanations of how the remand order operated on the evidence already submitted. Here, OAK was ordered to identify the relevant billing entries in the prior fee application. I do not see that the district court's requiring OAK to make the

14

initial culling of its prior bill to be significant.  What is important is that on remand, the bankruptcy court had to take what was already in evidence and apply the district court's definition of appropriate compensation to it.

The Seventh Circuit case on which we relied in *Lift & Equipment* also held it to be relevant whether the bankruptcy court's remand tasks were likely to alter the appellate issues or result in new ones:

> The likelihood that the proceedings on remand will moot, or at least alter, the issues that would be raised on an appeal from the liability determination, or will raise new issues for appeal and thus lead to multiple appeals if the order on liability is appealable, is too great to make an immediate appeal efficient.

*Fox*, 762 F.2d at 55.

It appears odd, at least to my eyes, that our jurisdiction-defining analysis is structured on relative likelihoods.  I conclude, though, that such evaluations are central to the well-established analysis.  This circuit's precedents continuously refer to "significant" additional proceedings on remand as eliminating appellate jurisdiction, which is a modifier roughly quantifying the bankruptcy court's remand tasks without stating absolute rules defining when appellate jurisdiction exists.  *See, e.g.*, *Pro-Snax*, 157 F.3d at 420.

One specific point made by my colleagues is that where a remand order "require[s] the bankruptcy court to perform judicial functions, such as additional fact-finding" it does not constitute a final order.  *Cortez*, 457 F.3d at 453.  Another precedent stated that a remand order is not final where "it necessitates further factual development or other significant judicial activity involving the exercise of considerable discretion."  *Pro-Snax*, 157 F.3d at 420. In my view, these different characterizations are summaries of a more involved distinction.  I examine what was behind the statement that a remand mandating "additional fact-finding" is not appealable.  *Cortez*, 457 F.3d at 453 (citing *Aegis Specialty Mktg., Inc. v. Ferlita (In re Aegis Specialty Mktg., Inc.)*,

68 F.3d 919, 921 (5th Cir. 1995). The *Aegis* case was not computational fact-finding. It involved whether we had jurisdiction over a district court order that had reversed the bankruptcy court's confirmation of a Chapter 11 plan and remanded for an evidentiary hearing on plan confirmability. *Aegis Specialty Mktg.*, 68 F.3d at 920-21. Remembering that the ultimate, if subjective, question is whether "significant" proceedings will occur on remand, interpreting *Cortez* to say that any fact-finding on remand destroys appellate jurisdiction is incorrect. Additional fact-finding on remand that bars appellate jurisdiction must be more than a computational task "unlikely to affect the issue that the disappointed party wants to raise on appeal from the order of remand." *In re Lift & Equipment Serv., Inc.*, 816 F.2d at 1016. Computational tasks are by definition a form of fact-finding. Thus, we cannot determine our jurisdiction simply by noting the remand requires facts to be found.

The remand in the present case requires more than a mechanical entry of judgment by the bankruptcy court, but it also involves only mechanical and computational tasks that are "unlikely to affect the issue that the disappointed party wants to raise on appeal." *See id.* The likelihood at the time of the remand that there would not be a post-remand appeal is supported now by the absence of any such appeal. This is not to say that when the time to appeal the ruling on remand has expired prior to our deciding the jurisdiction question, we are always justified in accepting the appeal of the remainder of the district court's order. Instead, I suggest that, after looking at the totality of the circumstances in the current case, it is reasonable to conclude that the remand was limited to computational tasks, was unlikely to be appealed, and would not affect the issues on this appeal.

A second look at the remand order here would be useful. The district court reversed the bankruptcy court's fee award of $60,000 and remanded for a recalculation. It had determined that OAK was entitled to attorney's fees for

three categories of compensable services. The remand was to allow calculation of the award based on those categories. As the court found no "efficient way for the court to identify" the hours spent by OAK on these three categories, it required calculation of the award on remand take place "after OAK identifies the number of hours to be allocated to the three categories." After looking at OAK's lengthy April 2010 fee application, I certainly agree that the eliminating of time entries would require some work. But the work is, to use the relevant word, mechanical. The court remanded to the bankruptcy court for it to rule within these tightly defined parameters. In short, the district court required a calculation of fees, based on evidence of hours already in the record, that were allocable to three specific categories of service determined to be compensable by the district court. In my opinion, the bankruptcy court's obligations on remand do not rise to the level of significant further proceedings.

I find the caselaw identified by the majority to be entirely consistent with these views. In one of our decisions declining jurisdiction, the district court's remand required the bankruptcy court to determine "whether the award [of attorney's fees] is warranted and, if so, whether the amounts requested [] for attorney's fees and expenses are reasonable and necessary." *In re Pratt*, 524 F.3d 580, 585 (5th Cir. 2008). The remand order required more evidence to be taken, with the right of those opposing the fee "to examine, question, or otherwise argue against the claimed fees and expenses." *Id.* This remand required the performance of judicial functions. *Id. Pratt* fits well within our settled principle that jurisdiction is absent where significant additional proceedings are required in the bankruptcy court, and also reveals why appeal from the remand order here does not run afoul of those same principles.

Quite differently, the remand here instructed the bankruptcy court to "determine a reasonable fee, after OAK identifies the number of hours to be allocated to the three categories of compensable services." The remand did not

require the bankruptcy court to determine whether fees were warranted. Unlike *Pratt*, where significant adversarial proceedings on remand were contemplated, OAK was to identify the hours allocated to each of three categories; that identification was limited to the already-existing record; the bankruptcy judge was directed to use the resulting calculation to award fees to OAK in accordance with the district court's decision.

The majority also discusses another line of cases advising that "we must be wary of accepting jurisdiction where doing so may result in future piecemeal appeals." *Caddo Parish-Villas*, 174 F.3d at 629. That concern is not a separate element of our jurisdiction analysis, but instead it identifies that "the *purpose* of Section 158(d)'s finality requirement 'is to avoid piecemeal appeals.'" *Id.* (citation omitted, emphasis added). In *Caddo Parish-Villas*, we declined jurisdiction where upholding a district court's order on appeal would not dispose of an indemnification issue that had been remanded to the bankruptcy court and could lead to another appeal. Here, OAK's appeal arises from one issue, the district court's determination that fees were compensable in only three categories. The district court's remand was for calculation of fees in those categories based on existing evidence. An appeal from the bankruptcy court's decision was unlikely. The bankruptcy court decision also would not impact OAK's appeal concerning the applicability and continued validity of *Pro-Snax* in determining whether OAK's services were compensable.

The present appeal might moot the bankruptcy court's fee calculation on remand, but the action taken by the bankruptcy court as a result of the remand would not moot the issue on our appeal. Avoiding superfluous remands is not the purpose of Section 158(d), though we certainly do not suggest bankruptcy judges should be given such remands. The policy of avoiding piecemeal appeals is fully satisfied by allowing this appeal.

No. 13-20035

I acknowledge that terms like "significant" proceedings, mere "computational" tasks, and "likelihood" of future appeals, are inherently flexible terms. Subjective judgments are involved despite that the goal is a decision about jurisdiction. My judgment differs from that of the majority. I am concerned that refusing to hear this appeal undermines the long-recognized, salutary purpose of allowing appeals on discrete issues well before a final order in bankruptcy that would meet 28 U.S.C. § 1291 standards.

The majority's denial of jurisdiction forecloses access to appellate review when it should be available. Respectfully, I dissent.